# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2010

No. 09-50609
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY JAY LACY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-279-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Johnny Jay Lacy appeals the sentence imposed after he admitted violating conditions of his four-year term of supervised release. The district court sentenced Lacy to 30 months of imprisonment and to a ten-year term of supervised release. Lacy argues that the 30-month term of imprisonment is unreasonable and greater than necessary to effectuate the goals of 18 U.S.C. § 3553(a), because his supervised release violations were related to personal drug use and addiction, and not his original offense of drug trafficking, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50609

because his stable work history and devotion to the financial support of his family make it less likely that he would commit further crimes or pose a danger to the public. Lacy argues that the ten-year term of supervised release was excessive because he had previously conformed to most conditions of supervised release and because his only violations were related to his personal use of drugs, which could be addressed during imprisonment and/or during a shorter term of supervised release.

Lacy's sentence was authorized by law and thus is not unreasonable or plainly unreasonable. *See United States v. Hinson*, 429 F.3d 114, 119-20 (5th Cir. 2005). The 30-month term of imprisonment did not exceed the statutory maximum of three years. *See* 18 U.S.C. § 3583(e)(3). Likewise, Lacy's ten-year term of supervised release was authorized by statute. 21 U.S.C. § 841(b)(1)(B) (employing same language after 2002 amendment as subsection (b)(1)(C) except for a higher minimum term); *see United States v. Jackson*, 559 F.3d 368, 370-71 (5th Cir. 2009) (holding that a 2002 amendment to the Controlled Substances Act makes clear that supervised release for a conviction under § 841(b)(1)(C) can be for a life term).

Lacy concedes that his argument that the court's imposition of a ten-year term of supervised release violates the Double Jeopardy Clause is foreclosed by *Jackson*.

The judgment of the district court is AFFIRMED.